UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 MAR -7 PM 4:00

CLERK
BY_____
DEPUTY CLERK

| | |
|---|---|
| VOBILE, INC., )<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>GREGORY A. LADIEU, )<br>)<br>Appellee. ) | Case No. 2:15-cv-136 |

**ENTRY ORDER DISMISSING APPELLANT'S CASE**
(Doc. 1)

Creditor Vobile, Inc. ("Vobile") appeals a June 1, 2015 Order from the United States Bankruptcy Court for the District of Vermont confirming Debtor Gregory A. Ladieu's Chapter 13 plan (the "confirmed plan"). Vobile argues that the Bankruptcy Court erred in determining Ladieu's projected disposable income and in finding that Ladieu had proposed the Chapter 13 plan in good faith. Ladieu opposes the appeal.

The court held oral argument on February 1, 2016, at which time the court took Vobile's appeal under advisement. Vobile is represented by Andre D. Bouffard, Esq. Ladieu is represented by David W. Lynch, Esq.

Vobile characterizes its appeal as "concern[ing] a Chapter 13 bankruptcy case in which the Bankruptcy Court confirmed the [D]ebtor's payment plan despite clear evidence that the [D]ebtor's plan did not dedicate all projected disposable income to payment of unsecured creditors, as required by the Bankruptcy Code." (Doc. 6 at 6.) It articulates the following issues:

> 1. Was it reversible error for the Bankruptcy Court to confirm the [D]ebtor's amended [C]hapter 13 plan without requiring the [D]ebtor to disclose all actual household income, and without requiring the [D]ebtor to establish the amount of projected disposable income in accordance with the standards established in *Hamilton v. Lanning*, 560 U.S 505 (2010)?

. . .

2. Was it reversible error for the Bankruptcy Court, in confirming the [D]ebtor's amended [C]hapter 13 plan, to conclude that the [D]ebtor had satisfied the statutory requirement that the plan was filed in good faith, based on an unduly narrow formulation of the standard for assessing good faith, and without considering the [D]ebtor's motivations in seeking a [C]hapter 13 discharge of a debt owed to Appellant arising out of willful and malicious pre-petition conduct of the [D]ebtor?

*Id.* at 5-6.

At oral argument, the parties' representations called into question the court's jurisdiction over the pending appeal. The parties explained that after Vobile filed the pending appeal, the confirmed plan was modified by the Bankruptcy Court to allocate certain monies to be used for the payment of Ladieu's counsel. The parties also noted that currently pending before the Bankruptcy Court is Vobile's motion to further modify the confirmed plan to account for changes in Ladieu's disposable income based, in part, on the monthly income disclosures that Ladieu filed pursuant to the Bankruptcy Court's June 1, 2015 Order.

Pursuant to 28 U.S.C. § 158(a), district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees[,]" or "with leave of the court, from other interlocutory orders and decrees" issued by Bankruptcy Courts. In bankruptcy cases, "finality is viewed functionally, focusing on pragmatic considerations rather than on technicalities." *In re Lehman Bros. Holdings Inc.*, 697 F.3d 74, 77 (2d Cir. 2012); *see also In re Sasso*, 409 B.R. 251, 253-54 (B.A.P. 1st Cir. 2009) ("Given the nature of the usual bankruptcy case, . . . courts have adopt[ed] a pragmatic approach in determining the finality of bankruptcy orders. Thus, a bankruptcy court order may be appealable if it conclusively determines a discrete dispute within the larger case.") (citations and internal quotation marks omitted).

The non-finality of the Bankruptcy Court's June 1, 2015 Order is apparent from the Order itself, which requires Ladieu to file monthly statements verifying his family's income to ensure that his disposable income is correctly calculated. That provision implies that the Bankruptcy Court may reconsider its ruling on the determination of Ladieu's disposable income. *Cf. In re Kurtzman*, 194 F.3d 54, 57 (2d Cir. 1999) (holding

2

that a Bankruptcy Court order was final where "neither the Bankruptcy Court nor the District Court suggested that its order would be reconsidered") (internal quotation marks omitted). Indeed, the recalculation of Ladieu's disposable income is an issue currently pending before the Bankruptcy Court, and the June 1, 2015 Order is therefore not a final determination. *See In re Duke & Benedict, Inc.*, 278 B.R. 334, 341 (S.D.N.Y. 2002) (holding that to be final, "[a] bankruptcy order need not resolve all of the issues raised by the bankruptcy, but . . . must *completely* resolve all of the issues pertaining to a discrete dispute, including issues as to the proper relief") (emphasis supplied). Because the disclosure of Ladieu's projected disposable income affects whether he filed the Chapter 13 plan in good faith, that issue similarly lacks a final determination, and cannot be determined by this court at this time. *See* 28 U.S.C. § 158(a).

Dismissal of Vobile's appeal is appropriate for the further reason that a decision by the Bankruptcy Court may render the challenges Vobile raises moot. "In the bankruptcy context, the appeal of an order is presumed moot when, pending a final appellate decision, there is . . . a comprehensive change in circumstances relative to the challenged order." *In re Malese 18 Corp.*, 426 B.R. 44, 48 (E.D.N.Y. 2010) (internal quotation marks omitted). "The party who appeals without seeking to avail himself of [a stay in the Bankruptcy Court proceedings] does so at his own risk" that the appeal may become moot. *In re Chateaugay Corp.*, 988 F.2d 322, 326 (2d Cir. 1993). In this case, no stay was requested before the Bankruptcy Court after the challenged orders were issued. Because the Bankruptcy Court modified the Debtor's Chapter 13 plan after Vobile filed the instant appeal, and may modify it again, any relief this court orders will pertain to a historic version of the plan, and will constitute an advisory opinion that does not afford "effective" relief. *See AmeriCredit Fin. Servs., Inc. v. Tompkins*, 604 F.3d 753, 755 (2d Cir. 2010).

3

## CONCLUSION

For the foregoing reasons, the court DISMISSES Vobile's appeal without prejudice (Doc. 1).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 7th day of March, 2016.

Christina Reiss, Chief Judge
United States District Court